IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARTHUR G. ROSE<br><br>              Plaintiff,<br><br>      vs.<br><br>DONALD WINTER, Secretary, Department of the Navy,<br><br>              Defendant. | MEMORANDUM DECISION<br>and REPORT AND RECOMMENDATION<br><br><br>Case No: 1:06-cv-129 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendant Donald Winter, Secretary, Department of the Navy, moves this court to dismiss this action for improper venue, or alternatively, transfer this case to the proper judicial district.[1] District Judge Tena Campbell referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) Shepardize to manage the case and submit a report and recommendation for the proper resolution of all dispositive matters presented.[2]

**REPORT**

Defendant Winter argues that Mr. Rose filed this case in the improper venue because all of the claims contained in the complaint occurred while Rose was employed at the Miramar

---

[1] Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer, docket no. 22, filed May 19, 2008.

[2] Order of Reference, docket no. 5, filed October 13, 2006.

Naval Air Station, in San Diego, California.[3]  Rose concedes that the actions giving rise to the complaint occurred while stationed in San Diego.[4]  Yet he contends that granting either motion would create a financial hardship for him.[5]

This case is based upon federal question jurisdiction with Rose alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e $^{Shepardize}$, *et seq*.  The Civil Rights Act venue provisions provide:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.[6]

Considering the venue provisions in the order listed in the statute, it is apparent that venue is not proper in this district.  California, not Utah, is the "State in which the unlawful employment practice is alleged to have been committed."[7]  Additionally, the relevant employment records are not maintained or administered in Utah.  The relevant records were

---

[3] Memorandum in Support of Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer (Memo in Support) at 1-2, docket no. 21, filed May 19, 2008.

[4] Plaintiff's Response to Motion to Dismiss or Alternatively, to Transfer (Response) at 2, docket no. 27, filed July 9, 2008.

[5] *Id*.

[6] 42 U.S.C. § 2000e-5(f)(3) $^{Shepardize}$.

[7] *Id*.

maintained in the Southern District of California until February 2004, "when they were transferred to St. Louis, Missouri, which is located in the Eastern District of Missouri."[8] Finally, Rose worked for the Department of the Navy in San Diego, California until he retired in 1997. He then "relocated to South Weber, Utah to be with family that had also relocated to Utah years before."[9] The complaint contains no allegations that Rose would have - or could have - worked in Utah while employed by the Navy. Consequently, none of the allegations raised in the complaint support venue in Utah. Under 42 U.S.C. § 2000e-5(f)(3) Shepardize, the proper venue for this case is in the Eastern District of Missouri or any judicial district in California.

Under 28 U.S.C. § 1406(a) Shepardize,[10] once the court determines that venue is improper, it has two options: (1) dismiss the case, or (2) transfer the case to the district in which it could have been brought. In this case, dismissal would be a drastic remedy. Therefore, the court recommends that, in the interest of justice, the case be transferred to the Southern District of California.

## RECOMMENDATION

All allegations contained in this civil rights complaint took place while Rose was employed by the Department of Navy in San Diego, California. Therefore, venue in the District of Utah is improper. In the interest of justice, the magistrate judge recommends that the case be transferred to the Southern District of California.

---

[8]Memo in Support at 3.

[9]Response at 2.

[10]"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) Shepardize.

## NOTICE TO THE PARTIES

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

July 17, 2008.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge